Patrick L. Deedon, State Bar No. 245490
Tracey A. Werner, State Bar No. 315876
**MAIRE & DEEDON**
2851 Park Marina Drive, Suite 300
Redding, California 96001-2813
(530) 246-6050 / 246-6060 (fax)
pdeedon@maire-law.com
twerner@maire-law.com

Attorney(s) for Defendants,
CITY OF REDDING and JACOB PROVENCIO

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| REBECCKAH McCLELLAND,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF REDDING,<br>JACOB PROVENCIO, and<br>DOES 1 through 10, inclusive,<br><br>            Defendants.<br>_____/ | No.  2:22-cv-01388-JAM-DMC<br><br>**STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION** |

WHEREAS the Plaintiff, REBECCKAH McCLELLAND (hereinafter referred to as "PLAINTIFF"), and Defendants, CITY OF REDDING and JACOB PROVENCIO (hereinafter collectively referred to as "DEFENDANTS"), which hereinafter may be referred to collectively as the "PARTIES," anticipate that during the course of litigation of this case (hereinafter referred to as the "instant Action" or the "Action"), discovery may be necessary of information, documents, records, or matters which are protected, confidential, privileged, private, or otherwise sensitive

Maire & Deedon
2851 Park Marina Dr. Ste. 300
Redding, CA. 96001-2813
(530) 246-6050

_____   **PAGE 1**
[PROPOSED] STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

(which categories or descriptors may hereafter be referred to collectively as "CONFIDENTIAL MATERIALS"), and the PARTIES wish to preserve the protection of those materials while ensuring that discovery may be pursued with minimal delay or expense.

THEREFORE, the PARTIES hereby stipulate and agree to the following terms of this STIPULATION FOR ENTRY OF A PROTECTIVE ORDER (hereinafter referred to as the "PROTECTIVE ORDER"), subject to approval by this Court.

1.   **SCOPE OF PROTECTIVE ORDER**

a.   The protection of this PROTECTIVE ORDER may be invoked with respect to any documents, video, photographs, audio recordings, testimony, written responses, information, inspection, and things (collectively "MATERIALS") produced or created in this Action that contain CONFIDENTIAL information. As used herein, the term CONFIDENTIAL includes MATERIALS produced in any format, including hardcopy or electronic, that contain confidential information including, but not limited to: documents protected from disclosure by the Privacy Act of 1974 (U.S. Public Law 93-579; documents codified at 5 U.S.C. §552a (2018)); documents exempt from disclosure under the Freedom of Information Act (codified at 5 U.S.C. §552); documents which may be redacted pursuant to California Government Code sections 6254(c), (i) and Penal Code section 832.7(b); documents which are privileged pursuant to California Government Code section 6254.21(k) and Penal Code section 832.7; information exempt from disclosure pursuant to California Government Code section 6254.21 and Penal Code 832.7(b); documents protected from disclosure by California Government Code section 6254(f); information within documents which is protected from disclosure under California Evidence Code section 1041; any documents or information within documents which are protected from disclosure under Penal Code section 11165.5, et seq. and Welfare & Institutions Code sections

Maire & Deedon
2851 Park Marina Dr. Ste. 300
Redding, CA. 96001-2813
(530) 246-6050

**PAGE 2**
[PROPOSED] STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

827-828; documents or information which are protected from disclosure under California Code of Civil Procedure section 129; documents or information which are protected from disclosure under California Penal Code section 832.7; documents or information which are protected from disclosure under California Penal Code section 832.7(b)(3), unless independently subject to disclosure under Penal Code section 832.7(b)(6); documents or information which are protected from disclosure under California Penal Code section 832.7(b)(9); proprietary trade secrets, technical and competitively-sensitive information protected by law, information protected by a constitutional right to privacy, information protected by an applicable privilege whether or not the person holding the privilege is a party to this Action, information which is protected by a statutory confidential designation, or which otherwise exceeds the scope of Federal Rule of Civil Procedure Rule 26.

    b.  In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case may involve the production of CONFIDENTIAL MATERIALS, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in connection with this Action, to address their handling of such MATERIALS at the end of the litigation, and to serve the ends of justice, a protective order for such MATERIALS is justified in this matter.  The parties shall not designate any information/documents as CONFIDENTIAL subject to the terms of this PROTECTIVE ORDER without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

Maire & Deedon
2851 Park Marina Dr. Ste. 300
Redding, CA. 96001-2813
(530) 246-6050

PAGE 3
[PROPOSED] STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

c.      In the event that additional parties join or are joined in this Action, they shall not have access to MATERIALS designated as CONFIDENTIAL pursuant to this PROTECTIVE ORDER until they have executed and, at the request of any Party, filed with the court, their agreement to be bound by this PROTECTIVE ORDER, a blank copy of which is attached hereto as "**EXHIBIT A**."

d.      As the parties have represented that discovery in this action may involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery, nor does this Order permit unfettered access to otherwise protected or exempt MATERIALS.  The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and which were also specifically requested or relied upon in the prosecution or defense of this litigation.

e.      No party shall apply to the Court for an order compelling production of CONFIDENTIAL MATERIALS withheld by the PRODUCING PARTY without first attempting to informally resolve the dispute pursuant to the terms of California Eastern District Local Rule 251.

**2.      NO WAIVER**

A voluntary disclosure made during discovery in the instant Action, by any person, which is designated as CONFIDENTIAL by the PRODUCING PARTY or a DESIGNATING PARTY, shall be made subject to the terms of this PROTECTIVE ORDER and shall not constitute an agreement or stipulation to use or disclose those MATERIALS in any Action or for any purpose

other than the prosecution or defense of the claims at issue herein. To the extent such disclosure includes MATERIALS which would otherwise be protected by an applicable privilege, the attorney work-product doctrine, the constitutional right to privacy of a third party and/or minor child, or which are statutorily designated as confidential, the PARTIES hereby stipulate that the disclosure of CONFIDENTIAL MATERIALS in this Action shall not constitute a waiver pursuant to Federal Rules of Evidence Rule 502 or any other code or rule, and the party(ies) holding any such privilege, protection, or right does not waive their right to raise those privileges, protections, or objections later, if the party receiving the CONFIDENTIAL MATERIALS attempts to use those MATERIALS in any manner which is not directly relevant to the prosecution or defense of the instant Action and made in accordance with the terms and conditions of this PROTECTIVE ORDER.

3.       **DESIGNATION OF MATERIALS AS CONFIDENTIAL**

a.       As set forth below, MATERIALS containing CONFIDENTIAL INFORMATION may be designated, in whole or in part, as "CONFIDENTIAL." Such designation may be made by any party or non-party who produces MATERIALS in this Action ("PRODUCING PARTY"), or may be made by a party who determines, in good faith, that MATERIALS produced by a non-party contain CONFIDENTIAL INFORMATION ("DESIGNATING PARTY").

b.       A DESIGNATING PARTY's ability to so-designate MATERIALS is not affected by a PRODUCING PARTY's failure, whether by mistake or intention, to designate the MATERIALS as CONFIDENTIAL.

c.       CONFIDENTIAL MATERIALS shall include only such information as the PRODUCING or DESIGNATING PARTY in good faith contends should be protected pursuant

to this PROTECTIVE ORDER on the grounds that the information is properly subject to protection under existing California or federal law.

d.      The protection of this PROTECTIVE ORDER may be invoked with respect to MATERIALS in the following manner:

i.      Documents when produced or otherwise designated shall bear the clear and legible designation "CONFIDENTIAL MATERIAL(S) – SUBJECT TO PROTECTIVE ORDER" on each page of the document, except that in the case of multi-page documents bound together by staple or other permanent binding, the CONFIDENTIAL marking need only be affixed to the first page for the entire bound document will be treated as CONFIDENTIAL, unless a contrary intention is clearly marked and legible stating otherwise;

ii.      As to discovery requests or the responses thereto, (1) the pages and/or request or response number containing CONFIDENTIAL INFORMATION shall be clearly described on a legend affixed to the first page, bearing the designation "CONFIDENTIAL MATERIAL(S) – SUBJECT TO PROTECTIVE ORDER"; or (2) for each separate request or response containing CONFIDENTIAL INFORMATION, the beginning of said request or response shall start with the designation  "CONFIDENTIAL MATERIAL(S) – SUBJECT TO PROTECTIVE ORDER";

iii.      As to deposition testimony and transcripts CONFIDENTIAL treatment may be invoked by: (1) Declaring the same on the record at the deposition, specifying whether the designation is to be applied to all or only portions of the testimony and transcript. If only to be invoked for a portion of the deposition, the DESIGNATING PARTY shall state on the record, with reasonable specificity, which portions of the deposition are to be treated as CONFIDENTIAL. The DESIGNATING PARTY shall also instruct the court reporter, on the

Maire & Deedon
2851 Park Marina Dr. Ste. 300
Redding, CA. 96001-2813
(530) 246-6050

[PROPOSED] STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

PAGE 6

record at the deposition that the cover of the deposition transcript shall clearly bear the marking "CONFIDENTIAL MATERIAL(S) – SUBJECT TO PROTECTIVE ORDER;" or (2)  Where it is impractical to state with specificity which portions of the deposition are to be treated as CONFIDENTIAL, the DESIGNATING PARTY shall state on the record  at the deposition, that they will serve the deponent, and all parties or their attorney of record, with a legend specifying the pages, or page and line(s), and exhibits, for which they are making such a CONFIDENTIAL designation within thirty (30) days of receipt of the transcript of the deposition. Further, the DESIGNATING PARTY preserving the right to make such designations, shall also instruct the court reporter on the record at the deposition that the cover of the deposition transcript shall clearly bear the marking "CONFIDENTIAL MATERIAL(S) – SUBJECT TO PROTECTIVE ORDER."

1.      If the DESIGNATING PARTY makes a statement on the record that the deposition testimony or exhibits, or any portion thereof, contains CONFIDENTIAL MATERIAL and instructs the court reporter on the record at the deposition to mark the cover of the transcript with the "CONFIDENTIAL MATERIAL(S) – SUBJECT TO PROTECTIVE ORDER" designation, the deponent and all parties or their attorneys of record shall treat the whole transcript and all exhibits as CONFIDENTIAL, until the legend specifying which portions of the transcript are confidential is received from DESIGNATING PARTY. If no such legend is received within 30 days of receipt of the transcript, and the PARTIES have not stipulated otherwise, the PARTIES shall be entitled to treat the transcript or exhibits as NON-CONFIDENTIAL MATERIAL.

2.      Failure of counsel to designate testimony or exhibits, or any portion thereof, as CONFIDENTIAL MATERIAL on the record at the deposition shall not constitute a waiver of the CONFIDENTIALITY of the testimony or exhibits. At any time after the

Maire & Deedon
2851 Park Marina Dr. Ste. 300
Redding, CA. 96001-2813
(530) 246-6050

PAGE 7
[PROPOSED] STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

deposition, but not more than thirty (30) days following receipt of the transcript, a DESIGNATING PARTY may, by written notice to all PARTIES and/or counsel, designate the testimony or exhibits, or any portion thereof, as CONFIDENTIAL. However, if no designation is made on the record at the deposition, the PARTIES may treat the entire transcript, including exhibits, as NON-CONFIDENTIAL MATERIAL unless they receive written notice from a DESIGNATING PARTY. Once written notice has been given, the deponent and all PARTIES or their attorneys of record shall treat the whole transcript and all exhibits as CONFIDENTIAL, until the legend specifying which portions of the transcript are confidential is received from DESIGNATING PARTY. If no such legend is received within 30 days of receipt of the written notice, and the PARTIES have not stipulated otherwise, the PARTIES shall be entitled to treat the entire transcript, including exhibits, as NON-CONFIDENTIAL MATERIAL.

       e.      If any PRODUCING PARTY inadvertently produces or discloses any CONFIDENTIAL MATERIALS without marking them "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," the PRODUCING or DESIGNATING shall promptly notify the Receiving Party that the information should be treated in accordance with the terms of Paragraphs 3 and 6 of this PROTECTIVE ORDER and shall promptly forward appropriately designated copies of the materials.

       i.      Within ten (10) days of the receipt of substitute copies bearing the appropriate designation, the Receiving Party shall return the previously unmarked items and all copies thereof.

       ii.      The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation shall be made as soon as possible after the discovery of the inadvertent production or disclosure.

**4.     DESIGNATION OF MATERIALS AS HIGHLY CONFIDENTIAL AND AVAILABLE FOR INSPECTION BY ATTORNEYS' EYES ONLY.**

a.     As set forth below, MATERIALS containing highly confidential information may be designated, in whole or in part, as "HIGHLY CONFIDENTIAL MATERIALS." Such designation may be made by a PRODUCING or DESIGNATING PARTY, pursuant to the terms of Paragraph 3 above.

b.     HIGHLY CONFIDENITAL MATERIALS shall include only such information as the PRODUCING or DESIGNATING PARTY in good faith contends should be made subject to a heightened level of protection under the terms of this PROTECTIVE ORDER, on the grounds that the information is so privileged, confidential, or sensitive that it warrants the utmost protection available under existing California or federal law.

c.     The protections of this PROTECTIVE ORDER may be invoked with respect to HIGHLY CONFIDENTIAL MATERIALS in the following manner:

i.     HIGHLY CONFIDENTIAL MATERIALS, when produced or otherwise designated, shall bear the clear and legible designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page of the document, except in the case of a multi-page document bound together by a staple or other permanent bind, the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" marking need only be affixed to the first page for the entire bound document to be afforded the heightened protection of HIGHLY CONFIDENTIAL MATERIALS;

ii.     As to discovery requests or responses thereto, (1) the pages and/or requests or response number(s) containing HIGHLY CONFIDENTIAL MATERIALS shall be clearly described on a legend affixed to the first page, bearing the designation "CONFIDENTIAL

Maire & Deedon
2851 Park Marina Dr. Ste. 300
Redding, CA. 96001-2813
(530) 246-6050

PAGE 9
[PROPOSED] STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

– ATTORNEYS' EYES ONLY"; or (2) for each separate request or response containing HIGHLY CONFIDENTIAL MATERIALS, the beginning of said request or response shall start with the designation "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

iii.    As   to   deposition   testimony   and   transcripts,   HIGHLY CONFIDENTIAL treatment may be invoked by: (1) Declaring on the record at the deposition that some or all of the deposition testimony is to be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.    A declaration on the record that some or all of the deposition testimony should be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall specify whether the designation is being made to apply to all or only portions of the testimony and transcript.

2.    If the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is to be made for only a portion of the deposition or transcript, the DESIGNATING PARTY shall state on the record, with reasonable specificity, which portions of the deposition are to be treated with the heightened level of protection afforded by paragraphs 4 and 7 of this PROTECTIVE ORDER.  Where it is impractical to state with specificity which portions of the deposition are to be treated as HIGHLY CONFIDENTIAL pursuant to the terms of this paragraph, the DESIGNATING PARTY shall state on the record at the deposition that they will serve the deponent, and all parties or their attorney of record, with a legend specifying the pages, or page and line(s), and/or exhibits, for which they are making such a designation, within thirty (30) days of receipt of the transcript of the deposition.

A.    If the DESIGNATING PARTY makes a statement on the record that they intend to serve a legend as described in Paragraph 4.c.iii.2, the deponent

Maire & Deedon
2851 Park Marina Dr. Ste. 300
Redding, CA. 96001-2813
(530) 246-6050

PAGE 10
[PROPOSED] STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

and all parties or their attorneys of record shall treat the whole transcript and all exhibits as "CONFIDENTIAL – ATTORNEYS' EYES ONLY", until said legend is received from DESIGNATING PARTY. If no such legend is received within 30 days of receipt of the transcript, and the PARTIES have not stipulated otherwise, the PARTIES shall be entitled to treat the transcript or exhibits as NON-CONFIDENTIAL MATERIAL.

        3.     The DESIGNATING PARTY shall also instruct the court reporter, on the record at the deposition, that the cover of the deposition transcript shall clearly bear the marking "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

        4.     Failure to designate deposition testimony or exhibits, or any portion thereof, as HIGHLY CONFIDENTIAL MATERIAL on the record at the deposition shall not constitute a waiver. At any time after the deposition, but not more than thirty (30) days following receipt of the transcript, a DESIGNATING PARTY may, by written notice to all PARTIES and/or counsel, designate the testimony or exhibits, or any portion thereof, as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to the terms of Paragraph 4.c.iii of this PROTECTIVE ORDER.

        d.     In making the designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the PRODUCING or DESIGNATING PARTY shall first give due consideration to the terms provided in Paragraph 3 of this agreement.

        e.     In addition to consideration of the terms provided in Paragraph 3 of this agreement, the PRODUCING or DESIGNATING PARTY shall only designate documents, information, or materials as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if they meet one or more of the following criteria:

        i.     The documents, information, or materials contain highly sensitive,

confidential, non-public information, consisting either of trade secrets, protected financial information, private information, or other confidential business, technical, or strategic information including but not limited to:

      1.     Information likely to cause a party or person annoyance, embarrassment, oppression, or undue burden or expense;

      2.     Confidential personnel matters;

      3.     Confidential internal affairs investigations;

      4.     Confidential investigations conducted by the Professional Standards Unit of the public law enforcement agency;

      5.     Information protected by the financial privacy interest of a Party or interested person, whether commercial or personal;

      6.     Commercially sensitive competitive information or trade secrets;

      7.     Documents, information, or materials which, if disclosed, would be likely to cause harm to the competitive position of the Producing Party,

      8.     Documentation, information, or materials regarding psychological evaluations and/or testing; or

      ii.     The documents, information, or materials contain highly sensitive, confidential, non-public information, consisting either of trade secrets, protected financial information, private information, or other confidential business, technical, or strategic information, concerning or belonging to a nonparty, including but not limited to:

      1.     Documents, information, or materials containing information obtained from a nonparty pursuant to a confidentiality or nondisclosure agreement,

the disclosure of which is likely to be in violation of that agreement; or

    2. Documents, information, or materials obtained from a nonparty, the disclosure of which would be likely to cause harm to the competitive position of either the Producing Party or the nonparty from whom the documents, information, or materials was obtained.

  f. If any Producing Party inadvertently produces or discloses any HIGHLY CONFIDENTIAL MATERIALS without marking them "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the PRODUCING or DESIGNATING shall promptly notify the Receiving Party that the information should be treated in accordance with the terms of Paragraphs 4 and 7 of this PROTECTIVE ORDER, and shall promptly forward appropriately designated copies of the materials.

   i. Within ten (10) days of the receipt of substitute copies bearing the appropriate designation, the Receiving Party shall return the previously unmarked items and all copies thereof.

   ii. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation shall be made as soon as possible after the discovery of the inadvertent production or disclosure.

  **5.** **CHALLENGES TO CONFIDENTIAL DESIGNATION**

  a. <u>Timing of Challenges</u>: Any party believing MATERIALS designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY by another is not entitled to such designation shall notify the PRODUCING or DESIGNATING Party of that belief in writing, with service on all other PARTIES, at any time consistent with the Court's Scheduling

Order. The party initiating the challenge to a confidentiality designation shall hereinafter be referred to as the "CHALLENGING PARTY."

          i.      The CHALLENGING PARTY'S written notice shall include a brief statement of the basis upon which they believe the documents were wrongfully designated as either CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, in violation of this protective order.

          b.      <u>Meet and Confer</u>: The CHALLENGING PARTY shall comply with all requirements under Local Rule 251 before bringing a motion before the Court pursuant to the terms of this agreement.

          i.      The Producing or Designating Party shall have ten (10) days from the date of receipt of the written notice from the CHALLENGING PARTY to either remove the challenged designation, or to provide a written response with sufficient factual information such that the CHALLENGING PARTY may reasonably evaluate the merits of the designation.

          iii.      If the CHALLENGING PARTY and the Producing or Designation Party are unable to resolve their dispute informally, or more than ten (10) days have elapsed since receipt of the CHALLENGING PARTY's written notice without a response from the Producing or Designation Party, then the CHALLENGING PARTY may move the court for an order modifying or removing such designation.

          c.      <u>Burden of Persuasion</u>:  The burden of persuasion in any proceeding challenging a confidentiality designation shall be on the PRODUCING or DESIGNATING Party. Frivolous challenges, and those made for an improper purpose (e.g. to harass or impose unnecessary expenses and burdens on other parties) may expose the CHALLENGING PARTY to sanctions at the discretion of the court. Unless the Producing or Designating Party has waived or

withdrawn the confidentiality designation, all parties shall continue to afford the materials in question the level of protection to which it is entitled under the Producing or Designating Party's original designation, until the Court rules on the pending challenge.

**6.      DISCLOSURE OF MATERIALS DESIGNATED AS CONFIDENTIAL**

a.      MATERIALS designated as CONFIDENTIAL, as well as summaries, excerpts, and extracts thereof, shall not be disclosed to or made accessible to any person except as specifically permitted by this PROTECTIVE ORDER. MATERIALS designated as CONFIDENTIAL may be disclosed only to:

i.      The court, its clerks, research attorneys, and the jury, provided that the CONFIDENTIAL MATERIALS are not used or disclosed in a manner which would make them accessible to the public as part of the Court's public case file for this Action, any related Cross-Action, or appeal;

ii.      Attorneys, their secretaries, paralegals, legal assistants, and other staff who are actively involved in the litigation of this Action;

iii.      The PARTIES, and officers and employees of the PARTIES, who are assisting counsel in the preparation of this Action for trial, motion practice, or appellate proceedings, provided that the disclosure of the CONFIDENTIAL MATERIALS to such persons is, in the judgment of counsel, reasonably necessary to assist in counsel's preparation of their case;

iv.      Any expert or consultant who is retained, specially employed, or informally consulted by any of the PARTIES, or their legal counsel of record, concerning the preparation, trial, appeal and/or retrial of this Action or any related cross-Action, and the secretarial or clerical employees of such persons (hereafter, "Experts");

v. Any person actually called to testify as a witness either at a deposition or court proceeding in this Action, but only to the extent counsel believes in good faith is necessary for the prosecution or defense of this Action, and also only if such persons are informed of the terms of this PROTECTIVE ORDER, provided with a copy of the PROTECTIVE ORDER, and agree to be bound by the terms of this PROTECTIVE ORDER by stating their agreement on the record and signing a copy of the agreement attached hereto as "EXHIBIT A";

vi. Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

vii. Employees of outside copying services and other vendors retained by counsel to assist in litigation support including, but not limited to: copying, imaging, handling, or computerization of documents, but only to the extent necessary to provide such services in connection with the Action and only after being informed of the provisions of this PROTECTIVE ORDER and agreeing to abide by its terms;

viii. Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents, and contractors) to whom disclosure is reasonably necessary to their involvement in the Action; and

ix. Any person who created the CONFIDENTIAL MATERIALS being disclosed or was the intended recipient thereof.

b. MATERIALS designated CONFIDENTIAL shall be used solely in the preparation for trial and/or appeal, including any retrials, of this Action or any related cross-Actions to which said CONFIDENTIAL MATERIALS are relevant or reasonably calculated to lead to the discovery of admissible evidence.

c.      Each person to whom CONFIDENTIAL MATERIALS are disclosed pursuant to the terms of this PROTECTIVE ORDER, other than persons described in paragraphs 6, must read a copy of this PROTECTIVE ORDER and must manifest his or her agreement to be bound by its terms, conditions and restrictions for the purposes of enforcement by signing the agreement attached hereto as **"Exhibit A"** (the "Undertaking"), and must retain a copy of this PROTECTIVE ORDER, with a copy of his signed Undertaking attached, prior to their receipt of the CONFIDENTIAL MATERIALS.

i.      Counsel disclosing materials designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to persons required to execute and Undertaking agreement shall retain all such executed agreements.

ii.      Copies of the executed Undertaking agreement shall be preserved by counsel and shall be provided to opposing parties or counsel for opposing parties if the court so orders upon a showing of good cause.

**7.      DISCLOSURE   OF   HIGHLY   CONFIDENTIAL   MATERIALS DESIGNATED AS CONFIDENTIAL – ATTORNEYS' EYES ONLY.**

a.      HIGHLY CONFIDENTIAL MATERIALS as well as summaries, excerpts, and extracts thereof, shall not be disclosed to or made accessible to any person except as specifically authorized by this PROTECTIVE ORDER. HIGHLY CONFIDENTIAL MATERIALS designed as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

b.      HIGHLY   CONFIDENTIAL   MATERIALS   designated   as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as well as summaries, excerpts, and extracts

Maire & Deedon
2851 Park Marina Dr. Ste. 300
Redding, CA. 96001-2813
(530) 246-6050

_____ PAGE 17
[PROPOSED] STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

thereof, shall only be disclosed to or made accessible to the following persons without first obtaining express written consent from the Producing Party:

   i. The court, its clerks, research attorneys, and the jury, provided that the CONFIDENTIAL MATERIALS are not used or disclosed in a manner which would make them accessible to the public as part of the Court's public case file for this Action, any related Cross-Action, or appeal;

   ii. Attorneys, their secretaries, paralegals, legal assistants, and other staff who are actively involved in the litigation of this Action;

   iii. In-house attorneys employed by any party to this case and working on the Litigation, and their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation; or

   iv. Any person who created a document or was the original intended recipient thereof.

  c. HIGHLY CONFIDENTIAL MATERIALS designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as well as summaries, excerpts, and extracts thereof, may also be disclosed to or made accessible to the following persons, if express written consent is obtained first from the PRODUCING PARTY and the Receiving Party duly executes an Undertaking agreement pursuant to Paragraph 7.d of this PROTECTIVE ORDER:

   i. Any expert or consultants who are retained, specially employed, or informally consulted by any of the Parties or their legal counsel of record concerning the preparation, trial, appeal and/or retrial of this Litigation or any related cross-action and their secretarial and clerical employees who are actively assisting in the preparation, trial or appeal of this action or any related cross-action  (hereafter, "Experts");

Maire & Deedon
2851 Park Marina Dr. Ste. 300
Redding, CA. 96001-2813
(530) 246-6050

PAGE 18

[PROPOSED] STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

ii.     Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents, and contractors) to whom disclosure is reasonably necessary to their involvement in the Litigation;

iii.     Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling, or computerization of documents, but only to the extent necessary to provide such services in connection with the Litigation and only after being informed of the provisions of this Protective Order and agreeing to abide by its terms;

iv.     Any person called to testify as a witness, or identified as a potential witness, either at a deposition or court proceeding in the Litigation, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if such persons are informed of the terms of this Protective Order, provided with a copy of the Protective Order, and agree on the record that they are bound by the terms of the Protective Order and are required not to disclose information contained in the materials designated as "Confidential"; or

v.     Deposition and court reporters and their support personnel, for purposes of preparing transcripts.

d.     Each person to whom HIGHLY CONFIDENTIAL MATERIALS are disclosed pursuant to the terms of this PROTECTIVE ORDER, other than persons described in paragraphs 7, must read a copy of this PROTECTIVE ORDER and must manifest his or her agreement to be bound by its terms, conditions and restrictions for the purposes of enforcement by signing the agreement attached hereto as **"Exhibit A"** (the "Undertaking"), and must retain a copy of this PROTECTIVE ORDER, with a copy of his signed Undertaking attached, prior to their receipt of the HIGHLY CONFIDENTIAL MATERIALS.

i.      Counsel disclosing materials designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to persons required to execute and Undertaking agreement shall retain all such executed agreements.

ii.      Copies of the executed Undertaking agreement shall be preserved by counsel and shall be provided to opposing parties or counsel for opposing parties if the court so orders upon a showing of good cause.

8.    **USE IN DEPOSITIONS**

a.      A deponent may be shown and examined about MATERIALS designated as confidential and made subject to this PROTECTIVE ORDER, only in accordance with the terms stated herein below.

b.      The deponent must first duly execute an Undertaking agreement as described in this PROTECTIVE ORDER prior to being shown or examined about any CONFIDNETIAL MATERIALS.

c.       All depositions taken by any party at which any CONFIDENTIAL MATERIAL is to be used, or at which any CONFIDENTIAL MATERIAL is inquired into, shall be conducted only in the presence of the deposition witness and his or her counsel, and other persons described in this PROTECTIVE ORDER, and only if such persons agree to be bound by the terms of this PROTECTIVE ORDER and manifest that agreement by execution of an Undertaking.

d.      If a witness at a deposition refuses to sign an Undertaking as required by this ORDER, Discovering Counsel may show CONFIDENTIAL MATERIAL to the witness, and examine the witness concerning the same, provided that neither the witness nor his counsel, if any, retain or be given a copy of the CONFIDENTIAL MATERIAL, including, but not limited to, a

copy of any pages of the transcript of the deposition that are designated CONFIDENTIAL pursuant to this PROTECTIVE ORDER. If the witness refuses to sign an Undertaking as required by this PROTECTIVE ORDER and the deposition transcript or exhibits disclose CONFIDENTIAL MATERIAL, the reporter shall be instructed to give the witness written notice when the transcript has been prepared, stating that the witness may inspect the transcript and its exhibits in the reporter's office, only. The witness shall not be furnished with a copy of portions of the deposition transcript or exhibits that have been designed as confidential and made subject to this PROTECTIVE ORDER.

### 9.    USE IN COURT PROCEEDINGS - FILING OF COURT PAPERS

        a.    Nothing contained in this PROTECTIVE ORDER shall be construed to prejudice any Party's right to use MATERIALS designated as CONFIDENTIAL at trial, or in any hearing before the court, during the litigation of this Action, only, subject to all applicable rules of evidence. If any Party intends to use CONFIDENTIAL MATERIALS at trial or a hearing in this Action, the party intending to use the MATERIALS must provide reasonable notice of the intended use of such material to all PARTIES and counsel of record so that the PARTIES have an opportunity to arrange for appropriate safeguards, and provided that the rules applicable to sealing records and use of confidential records, as further addressed below, are followed. Likewise, nothing in this PROTECTIVE ORDER shall be dispositive as to any issues of relevance, discoverability, or admissibility.

        b.    A party who wishes to file any MATERIALS designated as confidential and subject to this PROTECTIVE ORDER to the court in this Action must comply with the terms of Local Rule 141.1 and other applicable federal or local rules for the submission of such confidential material. If the MATERIALS are required to be kept CONFIDENTIAL by law or are

Maire & Deedon
2851 Park Marina Dr. Ste. 300
Redding, CA. 96001-2813
(530) 246-6050

[PROPOSED] STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

PAGE 21

submitted in connection with discovery motions or proceedings, no court ORDER is required. However, if the MATERIALS are submitted for use at trial or as the basis for adjudication of matters other than discovery motions or proceedings, a court ORDER sealing the MATERIALS is required and may only be obtained by careful compliance with the procedures set forth in Local Rules 140 and 141. The PARTIES understand that failure to comply with these procedural requirements may result in the placement of CONFIDENTIAL MATERIALS in the public file. The PARTIES further understand that no sealing ORDER will be issued solely on the basis of the existence and applicability of this PROTECTIVE ORDER.

### 10.    MODIFICATION OF THIS ORDER

Nothing in this PROTECTIVE ORDER shall preclude any Party from applying to the Court to modify this ORDER to provide for additional safeguards to ensure the CONFIDENTIALITY of MATERIALS produced in this Action, or to otherwise modify this PROTECTIVE ORDER for good cause shown. In the event that any Party seeks a modification of this ORDER for any reason, the PARTIES agree to negotiate the requested modification in good faith prior to making an application to the court. The PARTIES further agree that no application will be made to the Court to modify the terms of this ORDER without good cause shown.

If a party applies to the Court for a modification of the terms of this ORDER, the moving party shall have the option to request attorney fees and costs from the party challenging the requested modification. The Court shall have jurisdiction to liberally grant the request if it finds that the moving party had good cause for making the request.

### 11.    FINAL DISPOSITION OF MATERIALS AT CONCLUSION OF CASE

Maire & Deedon
2851 Park Marina Dr. Ste. 300
Redding, CA. 96001-2813
(530) 246-6050

[PROPOSED] STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

All MATERIALS designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall remain in the possession of the counsel of record of the Party to whom such MATERIALS are produced, and they shall not permit any such MATERIALS to leave their possession, except that copies of such MATERIALS may be made for the use of persons to whom disclosure may be made under paragraphs 6-8 of this PROTECTIVE ORDER, or for the purpose of submission to the court under paragraph 9 of this PROTECTIVE ORDER. Within sixty (60) days after this Action is concluded, including the expiration or exhaustion of all rights to appeal, each Party to whom CONFIDENTIAL MATERIALS were produced shall, at the election of the Party receiving the MATERIALS, (a) return all documents and copies containing CONFIDENTIAL MATERIALS (including, but not limited to, copies in the possession or control of any expert or employee) to the PRODUCING PARTY, or (b) promptly destroy all such MATERIALS and copies and provide a written certification under oath to the PRODUCING PARTY and to any DESIGNATING PARTY to that effect.

**12.     RETENTION OF JURISDICTION**

The court shall retain jurisdiction over all persons to be bound by the terms of this PROTECTIVE ORDER, during the pendency of this Action and for such time thereafter as is needed to carry out its terms.

After this Stipulation and Protective Order has been signed by counsel for all PARTIES, it shall promptly be presented to the Court for entry. The terms of this ORDER shall take effect and become binding on the PARTIES and their counsel of record immediately upon execution. Counsel agree to be bound by the terms set forth herein with regard to any CONFIDENTIAL MATERIALS that have been produced, before the Court signs this Stipulation and Protective Order.

In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different PROTECTIVE ORDER, the PARTIES shall be bound by this Stipulation and Protective Order until such time as the Court enters a new or modified ORDER. It is the PARTIES' intent to be bound by the terms of this Stipulation and PROTECTIVE ORDER pending its entry, so as to allow for immediate production of CONFIDENTIAL MATERIALS under the terms herein. Any of the parties to this action may move a court of competent jurisdiction to modify the terms and conditions of this protective order at some point in time after its issuance by the court.

This stipulation may be signed in counterparts and signatures obtained electronically and/or by facsimile shall be treated as originals.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  September 7, 2023                    MAIRE & DEEDON


                                             ___/s/ Patrick L. Deedon_____
                                             PATRICK L. DEEDON
                                             TRACEY A. WERNER
                                             Attorney(s) for Defendants,
                                             CITY OF REDDING and JACOB PROVENCIO

Dated:  September 7, 2023                    LAW OFFICES OF JERRY L. STEERING
                                             LAW OFFICES OF ALEXANDER J. PEREZ


                                             ___/s/ Alexander J. Perez_____
                                             JERRY L. STEERING
                                             ALEXANDER J. PEREZ
                                             Attorney(s) for Plaintiff,
                                             REBECCKAH MCCLELLAND

///
///

1

## ORDER

2

      Having reviewed the Parties' stipulation, and good cause appearing therefore,

3

**IT IS HEREBY ORDERED:**

4

5

      The Parties' [Proposed] STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL

6

INFORMATION is approved as an Order of this Court.

7

8

Dated:  September 7, 2023

9

_____

10

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ of _____, located at

_____, declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the United States District Court

for the Eastern District of California on _____ in the case of *McClelland vs. City of*

*Redding, et al, 2:22-cv-01388-JAM-DMC*. I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed:

Printed name:

Signature: _____

       [signature]

Maire & Deedon
2851 Park Marina Dr. Ste. 300
Redding, CA. 96001-2813
(530) 246-6050

**PAGE 26**

[PROPOSED] STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION